UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JUAN B. PORTOREAL; YUDERKA NUNEZ; and P.A.P., a minor, by and through her parents,

                                           Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), POLICE OFFICER POLANCO (First Name Unknown to Plaintiffs), JOHN and/or JANE DOES 1-10, Individually and in their Official Capacities as Police Officers within the New York City Police Department;

                                           Defendants,

------------------------------------------------------------------------ x

**ANSWER**

23-CV-1565 (KPF)

<u>Jury Trial Demanded</u>

      Defendant, the City of New York ("City"), by its attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

      1.      Denies the allegations set forth in the unnumbered paragraphs within the "Introduction", further states that the introduction fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct; Defendant further denies the allegations set forth within paragraph "1" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein, and plaintiffs purport to proceed as stated therein.

      2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purports to base venue as stated therein.

      3.      Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the truth of the allegations set forth in paragraph "8" of the complaint as they pertain to a non-suable entity that is not a party to this suit, and further respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits the City of New York is a municipal corporation organized under the laws of the State of New York.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits, on information and belief, only that plaintiff was 62 years of age at the date of incident.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admit only that members' of the New York City Police Department approached a vehicle with plaintiffs Juan Portorreal and P.A.P. within.

19. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "22" of the Complaint, and denies knowledge or information sufficient to form the belief as to the truth of the allegations regarding the length of time Plaintiff Juan Portorreal was handcuffed for, as alleged, in the paragraph "23" of the Complaint.

24. Denies the knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complint.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits only that P.A.P. was in the vehicle when officers approached the vehicle.

27. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in the paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits only that P.A.P. was transported to a precinct by a female police officer.

29. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits only that a police officer called P.A.P.'s mother to inform her that the child needed to be picked up.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint as it pertains to members of the NYPD refusing to provide medical care to plaintiff; further denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form the belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form the belief of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form the belief of the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies knowledge or information sufficient to form the belief as to the allegations set forth in the allegations set forth in paragraph "44" of the Complaint.

45. States that paragraph "45" of the Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct, further denies the allegations set forth in paragraph "45" of the Complaint.

46. States that paragraph "46" of the Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct, further denies knowledge

or information sufficient to form the belief as to the allegations set forth in paragraph "46" of the Complaint.

47. States that paragraph "47" of the Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct, further denies knowledge or information sufficient to form the belief as to the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. States that the allegations set forth in paragraph "49" of the Complaint are conclusions of law to which no response is required, to the extent one is, denies the allegations set forth in paragraph "49" of the Complaint.

50. States that the allegations set forth in paragraph "23" of the Complaint, "acted under the color of state law" are conclusions of law to which no response is required.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "" of the Complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about January 26, 2022, and further admits that, to date, this matter has not been resolved.

53. States that the allegations set forth in paragraph "53" of the Complaint "…acting for, upon, and in furtherance of business of their employer and within the scope of their employment." are legal conclusions as to which no response is required, further denies knowledge or information sufficient to form the belief as to Doe Defendants.

54. States that the allegations set forth in paragraph "54" of the Complaint are conclusions of law to which no response is required, to the extent one is, denies the allegations set forth in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

56. States that the allegations set forth in paragraph "56" of the Complaint are conclusions of law to which no response is required, to the extent one is, denies the allegations set forth in paragraph "56" of the Complaint and its three sub-parts.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

60. Denies the allegations set forth in paragraph "60" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

61. In response to the allegations set forth in paragraph "61" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint, except admits that plaintiffs' purports to seek damages as stated therein.

69. Denies the allegations set forth in paragraph "69" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

70. In response to the allegations set forth in paragraph "70" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the Complaint, and each of it's six (6) subparts.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. States that the allegations set forth in paragraph "74" of the Complaint contain legal conclusions as to which no response is required, to the extent on is, denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

77. In response to the allegations set forth in paragraph "77" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. States the allegations set forth in paragraph "81" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "81" of the Complaint.

82. States that the allegations set forth in paragraph "82" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

84. In response to the allegations set forth in paragraph "84" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. States the allegations set forth in paragraph "86" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "86" of the Complaint.

87. States that the allegations set forth in paragraph "87" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint, except admits that plaintiffs' purport to proceed as stated therein.

89. In response to the allegations set forth in paragraph "89" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. States the allegations set forth in paragraph "92" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "92" of the Complaint.

93. States that the allegations set forth in paragraph "93" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint, except admits that plaintiffs' purport to proceed as stated therein.

95. In response to the allegations set forth in paragraph "95" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint.

98. States the allegations set forth in paragraph "98" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "98" of the Complaint.

99. States that the allegations set forth in paragraph "99" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "93" of the Complaint.

100. In response to the allegations set forth in paragraph "100" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

101. Denies the allegations set forth in paragraph "101" of the Complaint.

102. States that the allegations set forth in paragraph "102" of the complaint are legal conclusions to which no response is required.

103. States that the allegations set forth in paragraph "102" of the complaint are legal conclusions to which no response is required, to the extent one is, denies the allegations set forth in paragraph "103" of the Complaint.

104. States that the allegations set forth in paragraph "104" of the complaint are legal conclusions to which no response is required.

105. States that the allegations set forth in paragraph "105" of the complaint are legal conclusions to which no response is required, to the extent one is, denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint.

107. States the allegations set forth in paragraph "107" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "107" of the Complaint.

108. States that the allegations set forth in paragraph "108" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "108" of the Complaint.

109. In response to the allegations set forth in paragraph "109" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of its answer, as if fully set forth herein.

110. States that the allegations set forth in paragraph "110" of the complaint are legal conclusions to which no response is required, to the extent one is, denies the allegations set forth in paragraph "110" of the Complaint.

111. States that the allegations set forth in paragraph "111" of the complaint are legal conclusions to which no response is required, to the extent one is, denies the allegations set forth in paragraph "111" of the Complaint.

112. States the allegations set forth in paragraph "112" of the Complaint contain conclusions to law, "…within scope of their employment…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "112" of the Complaint.

113. States that the allegations set forth in paragraph "113" of the Complaint contain conclusions of law "…liable for their tortious actions…City are liable under the doctrine of *respondeat superior*…" as to which no response is required, to the extent one is, denies the allegations set forth in paragraph "113" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

114. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

115. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

116. Punitive damages are not recoverable against the City of New York.

### FOURTH AFFIRMATIVE DEFENSE:

117. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

### FIFTH AFFIRMATIVE DEFENSE:

118. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE:

119. Plaintiffs may have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE:

120. There was probable cause and reasonable suspicion for plaintiffs detentions, arrest, search and prosecution.

### EIGHTH AFFIRMATIVE DEFENSE:

121. Plaintiffs provoked any incident.

### NINTH AFFIRMATIVE DEFENSE:

122. The NYPD is a non-suable entity.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 17, 2023

                    HON. SYLVIA O. HINDS-RADIX
                    Corporation Counsel of the
                      City of New York
                    *Attorney for Defendant, City of New York*

            By:     *Michael Viviano* /s/
                    Michael Viviano
                    *Assistant Corporation Counsel*
                    Special Federal Litigation Division
                    New York City Law Department
                    100 Church Street
                    New York, New York 10007
                    (212) 356-2368

Cc: (VIA ECF)
    David Schoen, Esq.
    *Attorney for Plaintiff*